IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

DAVID JOHN MEDNANSKY,     )
                                         )
         Plaintiff,          )  **TC 5465**
      v.                       )
                                         )
DEPARTMENT OF REVENUE,     )
State of Oregon,              )
                                       )
        Defendant,      )
                                       )
    and                 )
                                       )  **ORDER DENYING PLAINTIFF'S**
CURRY COUNTY ASSESSOR,     )  **MOTION FOR REMOTE**
                                       )  **APPEARANCE VIA WEBEX FOR**
     Defendant-Intervenor.   )  **FEBRUARY 4, 2026 TRIAL**

Before the court are Plaintiff's January 5, 2026, Motion for Remote Appearance via Webex for February 4, 2026, Trial; Defendant-Intervenor's (the County's) January 6, 2026, Objection to Plaintiff's Motion for Remote Trial; and Defendant's Joinder to the County's Objection, filed January 7, 2026.

A.    *Facts*

Immediately after a case management conference on May 2, 2025, the court issued a letter to all parties stating, among other things: "Trial will be held in person in the Tax Court's courtroom in Salem; all parties, counsel and witnesses will appear in person. Any party wishing to have any participant appear by remote means (Webex) may file a motion no later than 30 days before trial." Also on May 2, 2025, the court issued a trial notice stating the date and time for trial, and the words, "Location: Courtroom," with directions to the court's street address and floor.

On July 31, 2025, court staff sent an email to all parties containing notice of oral argument on the County's motion for summary judgment, and requesting the parties' availability for dates in September and their preferences as to whether to hold that hearing in person or by video. On August 1, 2025, Plaintiff responded as to the date of that hearing and stated: "I am unable to be physically present at the court due to personal reasons, and these reason would apply to any future proceedings. As such my preference is a remote conference." Plaintiff did not include any other parties in his response; therefore, the court had no basis to file it, nor did the court note or act on Plaintiff's reference to "future proceedings."

On January 5, 2026, Plaintiff sent an email only to court staff, with no copies to parties, stating: "To Tax Court, I, Plaintiff, come to inform the Court that I have no way of attending the Trial in person in Salem, that is set for February 4 and 5, 2026. I had informed the Court administrator, Rocco Lieuallen, by email weeks ago that I could not travel to Salem for the trial. I did not, to the best of my knowledge, get feedback from the Court on this. Therefore, I am writing again about this to reaffirm my inability to attend. I ask for directions how to attend by Webex." On January 5, 2026, the court issued a letter to all parties disclosing the August 1 and January 5 *ex parte* emails from Plaintiff. Later that day, the County filed and served a letter stating its intention to object to any motion to change the trial format. Plaintiff's motion and the responses of the County and Defendant followed.

B.    *Applicable Law*

Proceedings in this court are governed by the court's rules, including Tax Court Rule (TCR) 59, which provides:

> "Pursuant to Or Laws ch 68, § 8 (2022) (amending ORS 1.002(5)) and Chief Justice Order 2023-28 paragraph 2.b.(2), the court may decide to hold a proceeding by remote means or in person. Proceedings in person will be held in the courtroom in Salem unless the court directs otherwise. A party may express its preferences at a case management

conference or may file a motion giving grounds for its request as to the means or location of a proceeding. When a proceeding is held in person, a party may seek, and the court may allow, remote location testimony as provided in ORS 45.400."

ORS 45.400 provides, in relevant part:

"(1) A party to any civil proceeding or any proceeding under ORS chapter 419B may move that the party or any witness for the moving party may give remote location testimony.

"(2) A party filing a motion under this section must give written notice to all other parties to the proceeding at least 30 days before the trial or hearing at which the remote location testimony will be offered. The court may allow written notice less than 30 days before the trial or hearing for good cause shown.

"(3)(a) Except as provided under subsection (5) of this section, the court may allow remote location testimony under this section upon a showing of good cause by the moving party, unless the court determines that the use of remote location testimony would result in prejudice to the nonmoving party and that prejudice outweighs the good cause for allowing the remote location testimony.

"(b) Factors that a court may consider that would support a finding of good cause for the purpose of a motion under this subsection include:

"(A) Whether the witness or party might be unavailable because of age, infirmity or mental or physical illness.

"(B) Whether the party filing the motion seeks to take the remote location testimony of a witness whose attendance the party has been unable to secure by process or other reasonable means.

"(C) Whether a personal appearance by the witness or party would be an undue hardship on the witness or party.

"(D) Whether a perpetuation deposition under ORCP 39 I, or another alternative, provides a more practical means of presenting the testimony.

"(E) Any other circumstances that constitute good cause.

"(c) Factors that a court may consider that would support a finding of prejudice under this subsection include:

"(A) Whether the ability to evaluate the credibility and demeanor of a witness or party in person is critical to the outcome of the proceeding.

"(B) Whether the nonmoving party demonstrates that face-to-face cross-examination is necessary because the issue or issues the witness or party will testify about may be determinative of the outcome.

"(C) Whether the exhibits or documents the witness or party will testify about are too voluminous to make remote location testimony practical.

"(D) The nature of the proceeding, with due consideration for a person's liberty or parental interests.

"(E) Whether facilities that would permit the taking of remote location testimony are readily available.

"(F) Whether the nonmoving party demonstrates that other circumstances exist that require the personal appearance of a witness or party.

"* * * * *

"(8) As used in this section:

"(a) 'Remote location testimony' means live testimony given by a witness or party from a physical location outside of the courtroom of record via simultaneous electronic transmission.

"* * * * *."

As applied to Plaintiff's motion, TCR 59 and ORS 45.400 require that Plaintiff show "good cause" for his request. TCR 59 allows a party to request in-person or remote proceedings *without* showing good cause if the party makes the request in a case management conference. That provision is inapplicable here because no party has requested, in any of the case management conferences held in this case, that the trial or any testimony at trial proceed by remote means. Alternatively, TCR 59 allows a party to make a request for in-person or remote proceedings in a motion, if the party "giv[es] grounds," and if the court has not (or not yet) decided to hold the trial or other proceeding in person. That provision, too, is inapplicable because no such motion was filed before the court set trial on May 2, 2025.

When the court has decided that the proceeding will be "held in person," that decision stands unless a party seeks "remote location testimony" under ORS 45.400.[1] TCR 59. ORS 45.400 applies in this case because the court's letter and trial notice of May 2, 2025, document the court's decision that "all parties, counsel and witnesses will appear in person." (Ltr May 2, 2025, at 1.) Paragraph (3)(a) of ORS 45.400 requires a "showing of good cause" for the requested remote location testimony.[2] If the court finds that good cause exists, the court must determine whether remote location testimony would prejudice a nonmoving party and, if so, whether the prejudice outweighs the good cause.

C.      *Issues*

1.  Has Plaintiff shown good cause to be allowed to give remote location testimony under ORS 45.400(3)(a)?

2.  If so, would allowing Plaintiff to give remote location testimony result in prejudice to the County or Defendant that would outweigh the good cause?

D.      *Analysis*

Plaintiff's motion includes a declaration about costs, Plaintiff's age, and potential health consequences of attending trial in person.[3] *See* ORS 45.400(3)(b) (nonexclusive list of factors

---

[1] The court assumes, without deciding, that the overarching authority under ORS 1.002(5) would allow the court to authorize remote testimony notwithstanding the requirements of TCR 59 and ORS 45.400, but the court sees no reason to do so, given the evidentiary concerns discussed below.

[2] Separately, ORS 45.400(2) requires a party who fails to give notice to the other party or parties at least 30 days before an in-person trial to show good cause for that failure of timely notice. The "show cause" requirement of ORS 45.400(2) does not apply in this case, as Plaintiff's motion was filed 30 days before trial. In this case, Plaintiff need only show good cause to appear by remote means, as required by ORS 45.400(3)(a).

[3] Plaintiff is not represented by counsel. His motion is not accompanied by a standalone declaration, but the motion concludes with the following statements:

"Plaintiff declares under penalty of perjury that this motion to request remote appearance is not taken to unduly burden the Defendant or this Court.
"I certify under penalty of perjury I have conferred with Defendant Intervenor Audrey Boyer to request this motion be granted. Intervenor has opposed this motion.
"I declare under penalty of perjury that my reasons for my inability to attend the trial in person are true and correct to the best of my knowledge."

supporting good cause include unavailability because of age, infirmity, or mental or physical illness; and "undue hardship"). As to costs, Plaintiff asserts that he "does not have the funds for the expense to make the trip to Salem," a 250-mile drive, because he lives on social security benefits in an amount "significantly below the poverty level" and has "no savings available." (Ptf's Motion at 1.) As to age and general health concerns, he asserts that, at age 73, he will suffer "fatigue due to stress related to driving a long distance." Finally, Plaintiff asserts that he suffers from a "stress related condition he is being treated for, that resulted from Defendant's [*sic*] intimidation and threats," and that the drive would "compound" this condition. (*Id.*)

The County objects on three grounds. First, the County asserts that Plaintiff seeks "conversion of an entire in-person trial to a remote proceeding." (*Id.*) The court cannot find support for the County's characterization of Plaintiff's motion and thus rejects the County's argument. The motion says nothing about the means by which the County, its witnesses, or its counsel should participate. Plaintiff requests only that the court allow "him" to appear remotely. (Ptf's Motion at 1.) ORS 45.400 clearly contemplates that a "party" may ask to give remote location testimony, leaving open the possibility that another party or parties may appear in person and present their arguments and witnesses in person. ORS 45.400(1) (allowing a party to "move that the party * * * may give remote location testimony.").

Second, the County argues that Plaintiff has not established good cause for his request because he has provided "no evidence" in support of his assertions of financial and health concerns. (Inv's Objection at 3.) The court disagrees. The court accepts Plaintiff's certification

---

(Ptf's Motion at 2.) The court finds that the foregoing statements substantially comply with the requirements for a declaration under TCR 1 G, and the court accepts the factual allegations in Plaintiff's motion as evidence.

of the truth of his statements, made in the body of his motion, as a declaration under TCR 1 G, as noted above. Thus, the County's argument that Plaintiff has provided no evidence fails.

Third, the County criticizes the sufficiency of Plaintiff's evidence, characterizing it as "generalized assertions" unsupported by documentation. (Inv's Objection at 3.) This criticism is well taken. The requirement to "show" good cause implies that the evidence that is presented must have persuasive value. Plaintiff's evidence suffers first from a timing problem. On May 2, 2025, the court clearly notified the parties, in two writings, that trial would be held in person. Only now does Plaintiff cite his financial, age-related, and health concerns as reasons to not attend in person.[4] First, Plaintiff gives no indication that his income has declined since May 2025.[5] Second, his age difference is only eight months. Plaintiff's delay causes the court to view his request with skepticism.

The third factor Plaintiff cites as good cause is a "stress related condition he is being treated for." He attributes this condition to "intimidation and threats" by the County.[6] (Ptf's Motion at 1-2.) He alleges "threats of law enforcement," which apparently stem from a November 19, 2025, email from the County's counsel to Plaintiff stating that the County intended to have an appraiser inspect and appraise his property. (*See* Ptf's Motion for Sanctions (Dec 16, 2025), Ex 1.) That email included the sentence: "To ensure that the inspection proceeds smoothly and for the comfort and security of everyone involved, the County will

---

[4] The court ignores the phrase "and these reason would apply to any future proceedings" in Plaintiff's August 1 email, sent only to the court and responding to a scheduling email about a separate hearing on summary judgment occurring months before trial. Acknowledging that the court should have reported the *ex parte* communication at the time, the court sees no basis to treat this phrase as a motion for remote testimony at trial under TCR 59 or ORS 45.400. Despite his lack of representation, Plaintiff has shown, by his numerous procedural filings, that he knows how to craft a motion and to serve it.

[5] The court notes that Plaintiff did not request an income-based waiver of the $281 filing fee in this matter.

[6] The court interprets Plaintiff's reference to "Defendant" as a reference to the County, to which Defendant Department of Revenue has "tendered" the defense of this case.

request that a Sheriff's deputy accompany the appraiser." (*Id.*) The court resolved this dispute on December 19, 2025, ordering a site inspection by the County's appraiser with no requirement that law enforcement be present. The site inspection was conducted on December 22, 2025. (*See* Inv's Exhibit List, Ex I-2 at 2.) The court declines to accept at face value that Plaintiff would "expose himself to harmful physical and emotional conditions" by attending in person the trial that he initiated by filing this lawsuit.

E.    *Conclusion*

The court concludes that Plaintiff has failed to show good cause for his request to give remote location testimony at trial. This makes it unnecessary to consider any arguments by the County or Defendant that they would be prejudiced by allowing remote location testimony, or that the prejudice outweighs good cause.[7] Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Remote Appearance via Webex for February 4, 2026 Trial is denied.

Dated this 7th day of January, 2026.

1/7/2026 3:10:46 PM

_____
**Judge Robert T. Manicke**

---

[7] The court notes that the arguments of the County in support of its allegations of prejudice appear to assume that all participants in the trial would appear by remote means. (*See* Inv's Objection at 3 ("Converting the trial to a remote proceeding at this late stage alters the manner in which testimony is presented and evaluated and imposes last-minute adjustments that would not have been necessary had the request been raised earlier.").) Defendant's arguments more specifically relate to Plaintiff's actual request. (*See* Def's Joinder at 2 ("Given his disagreement with the County's valuation and the likelihood that his sole evidence will be his own testimony, Plaintiff's credibility is central to this matter. In-person testimony is essential for the court to assess demeanor and credibility.").)